UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:15-CR-29-REW-HAI |
| v. | ) ) | ORDER |
| DELEISHA RAECHELLE OWENS, | ) ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Deleisha Owens's final revocation hearing on five charges of violating conditions of supervised release. *See* DE 177 (Minute Entry). After conducting the hearing, Judge Ingram recommended that the undersigned find Owens guilty of Violations 2-5, dismiss Violation 1 (on the Government's motion), revoke Owens's supervision, and sentence her to a carceral term of 6 months, "followed by 12 months of supervised release under the same conditions previously imposed." *See* DE 178 at 9 (Recommended Disposition). He added one additional recommendation. Judge Ingram informed Defendant of her right to object to the recommendation. *See id.* Defendant waived her right of allocution and offered no objection. *See* DE 179 (Signed Waiver). The prescribed fourteen-day objection period has expired, and neither Owens nor the United States objected[1] to the Recommended Disposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520,

---

[1] Though the objection period has not yet elapsed, the United States confirmed to the Clerk that it has no objection.

530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram catalogued the full record and accounted for all considerations in a fitting and proper way. The Court could not improve on his analysis or judgment. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 178 and **ADJUDGES** Defendant Owens guilty of Violations 2-5;

2. The Court **DISMISSES** Violation 1, without adjudication, per the Government's motion;

3. The Court **REVOKES** supervision and **SENTENCES** Owens to 6 months' imprisonment, to be followed by 12 months' supervised release under Owens's original terms of supervision captured in DE 159. Additionally, the Court recommends post-release assessment for and placement in an apt Sober Living program, or its equivalent. The Court will enter an appropriate revocation judgment.

This the 18th day of February, 2022.



Signed By:
*Robert E. Wier*
United States District Judge